

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 31, 1969

Honorable Wm. J. Burke          Opinion No. M-366
Executive Director
Board of Control                Re: Acceptance of Bid by
P. O. Drawer GG                     Board of Control under
Capitol Station                     Art. 664-3, V.C.S.,
Austin, Texas  78711                and related questions.

Dear Mr. Burke:

          In response to your opinion request concerning
the above subject, you advised that the State Board of
Control sent out bid invitations relative to cell block
equipment to be installed in the Department of Corrections.
Included in the invitations were lists of drawings and an
extensive set of construction specifications, which in-
cluded the following statement, to wit:

          "All bidders are required to submit,
     as a legal prerequisite to a qualified pro-
     posal, certain models and samples, as herein
     required, for examination by the owner and
     the architect."

          Decatur Iron and Steel Company submitted a bid
of $552,000 and Southern Steel Company submitted a bid
of $724,700.  Decatur failed to submit the models and
samples in accordance with the above quoted specifica-
tions, but did submit them shortly after the bids were
received.  The models and samples were acceptable to the
owner and the architect and you advised us that Decatur
met all of the other requirements of the bid invitations.

          You have requested our opinion as to whether the
contract may be awarded to Decatur under these facts.
Certain provisions of the specifications are ambiguous
and conflicting, as mentioned in your request for this
opinion, but it is not deemed necessary to discuss these
provisions in view of the ruling we make herein.

          Article 664-3, Section 5, Vernon's Civil Statutes,
authorizes the State Board of Control to purchase equipment
for the State Prison System.  Section 8(e) provides that,

- 1807 -

"The Board shall have the authority to reject all bids, or parts of bids, when the interest of the state will be served thereby." Section 8(f) sets forth the matters and facts to be considered by the Board of Control in awarding contracts to the bidder submitting the lowest and best bid. The statutes, however, do not require the Board of Control necessarily to accept the low bid as in a true competitive bidding situation. Section 8(f) contains no provision requiring that models and samples be furnished as a prerequisite to submitting a bid.

The requirement that bidders submit the models and samples for examination is thus an extra-statutory condition, in the sense that it is not required by any statute. You state that this was required merely for "purposes of verification, rather than the determination of whether or not the bid was qualified." While the true purpose of the requirement, or the essentiality thereof, may raise a fact question which this office is without power to resolve, nevertheless the ultimate facts that all parties have acted in good faith and that no fraud or overreaching is involved appear to be established without dispute. Where the requirement is found to be truly of the essence of the contract for the bidders, under statutes requiring the acceptance of the lowest and best bid, a public body cannot waive the requirements. Case v. Inhabitants of Trenton, 74 A 672 (N.J. 1909). If the models or samples were, in fact, not such a material requirement of the contract but, looking through form to substance, were merely for the purpose of verification, as you advise, then it is the opinion of this office that the irregularity above-mentioned may be waived by the Board of Control, upon a showing that all parties acted in good faith and no fraud was involved, particularly since the models were furnished and examined prior to the awarding of a contract.

In 13 Tex.Jur.2d 592, Contracts, Sec. 329, it is stated that a party to a contract may waive performance of the agreement, or a breach of any of the provisions that are for his benefit; thus, he may waive the performance of a condition precedent, or a failure to perform within the time prescribed. In the case of Gaynor Construction Company v. Board of Trustees, 233 S.W.2d 472 (Tex.Civ.App. 1950 error ref.), the Board of Trustees accepted a late bid and awarded a contract to the late bidder. The court held that the Board of Trustees could waive the irregularity in the time for submission of the low bid, if it acted in good

faith, and there was no fraud involved, since the general powers of the Board prescribed by Article 2752 authorized it to enter into a contract with Gaynor.

If the Board of Control finds that the model requirement above discussed was not essential or material for the bidders to be on equal footing in submitting their bids, and that it was required only for purposes of verification, and if the equipment of Decatur meets all the other requirements of the bid invitations, it is our opinion that the mere fact that the models and samples were submitted shortly after the bids were opened will not prevent awarding the contract to Decatur on the basis of its substantial compliance with the bid requirements. The Board of Control is vested with some discretion in the area of bidding requirements under Article 664-3, Sec. 8(f), such as the determination of the "quality, availability, and adaptability" of the item as well as the "number and scope of conditions attached to the bid." The court will not interfere in its exercise of that discretion except for some cause which the law recognizes as sufficient to invalidate a contract. 49 Am.Jur. 277, States, Territories, and Dependencies, Sec. 63. In Attorney General's Opinion No. C-676 (1966), we held that under Article 664-3 the Board of Control could in the exercise of its discretion accept for verification purposes additional data after bid opening without jeopardizing the status of the bid. See also: Overstreet v. Houston County, 365 S.W.2d 409 (Tex.Civ.App. 1963, error ref., n.r.e.) and Headlee v. Fryer, 208 S.W. 213 (Tex.Civ.App. 1919, error dism.).

S U M M A R Y

The Board of Control has the authority to waive any extra-statutory bid requirements, which are found not to be material to the proper determination of the lowest and best bid as required by the statute. If the Board of Control is satisfied that the submitted bid of Decatur Iron and Steel Company meets all of the other requirements of the bid invitation, it being established without dispute that no fraud or overreaching was involved, and that all parties acted in good faith, the mere fact that models and samples were submitted after the bids were opened will not otherwise prevent the awarding of the contract to Decatur if such irregularity is found not to be of essential materiality.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
James McCoy
Z. T. Fortescue
Scott Garrison
James Broardhurst
John Banks

W. V. GEPPERT
Staff Legal Assistant